**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Jennifer Fuller, Roger Ryea, and Bruce Fuller,
Defendants,

Of whom Jennifer Fuller is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2020-001353

---

Appeal From Abbeville County
Mindy W. Zimmerman, Family Court Judge

---

Unpublished Opinion No. 2021-UP-142
Submitted April 23, 2021 – Filed April 27, 2021

---

**AFFIRMED**

---

Heather Vry Scalzo, of Byford & Scalzo, LLC, of
Greenville, for Appellant.

Cedric Antwon Cunningham, of Kinlaw and
Cunningham, LLC, of Greenville; and Sarah M.

Coldiron, of the South Carolina Department of Social Services, of Newberry, both for Respondent.

Carson McCurry Henderson, of The Henderson Law Firm, PC, of Greenwood, for the Guardian ad Litem.

──────────

**PER CURIAM:** Jennifer Fuller appeals the family court's order removing her minor child from her custody, finding she physically neglected her minor child, ordering her to complete a placement plan, granting Roger Ryea custody of her minor child, and ordering a review hearing in six months. *See* S.C. Code Ann. § 63-7-1660(E) (2010) (setting forth findings a family court must make when removing children from the custody of their parents). Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987),[1] we find no meritorious issues warrant briefing. Accordingly, we affirm the family court's ruling and relieve Fuller's counsel.

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

──────────

[1] *See also S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated Feb. 2, 2005 (expanding the *Cauthen* procedure to situations when "an indigent person appeals from an order imposing other measures short of termination of parental rights").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.